**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 01-21007
Summary Calendar

---

HARRY LOUIS BOWLES,

Plaintiff-Appellant,

versus

GLEN CHEEK; ET AL,

Defendants,

HARRIS COUNTY, TEXAS,

Defendant-Appellee.

---------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CV-1069
---------------------------------------------------------
June 5, 2002

Before JOLLY, JONES and STEWART, Circuit Judges

PER CURIAM:*

Harry Louis Bowles appeals the district court's summary- judgment dismissal of his 42 U.S.C.

§ 1983 claim against Harris County, Texas. Bowles contends that the district court erred in

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determining that his claim was time-barred and that he failed to establish the existence of an unconstitutional municipal policy or custom.

The Supreme Court has rejected municipal liability predicated on the doctrine of respondeat superior, as the text of 42 U.S.C. § 1983 will not bear such a reading. Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir.), cert. denied, 122 S. Ct. 53 (2001). "Consequently, the unconstitutional conduct must be directly attributable to the municipality through an official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability." Id.

To establish municipal liability, the following three elements must be proven: a policymaker, an official policy, and a violation of constitutional rights whose moving force is the policy or custom. Id. The policymaker for a municipality is its governing body or an official to whom that body has delegated policy-making authority. See id. at 579.

Harris County does not qualify as a municipal policymaker. Harris County is itself a municipality, not the governing body of a municipality or an official to whom such a governing body has delegated authority. See id. Neither does Harris County Precinct 5 Constable Glen Cheek qualify as a municipal policymaker. See Rhode v. Denson, 776 F.2d 107, 108-10 (5th Cir. 1985) (holding that the constable of a Texas county precinct is not a policymaker for the county). Bowles has therefore failed to establish the existence of a Harris County policymaker whose official policy was the moving force behind a violation of his constitutional rights. See Piotrowski, 237 F.3d at 578-79.

In light of the foregoing, the district court did not err in granting Harris County summary judgment on Bowles' 42 U.S.C. § 1983 claim. The judgment of the district court is AFFIRMED.